UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICKOLAS JOSEPH MANN,

    Defendant.
_____/

Case No. 1:20-cr-22

Hon. Hala Y. Jarbou

## OPINION

Defendant Nickolas Joseph Mann is a felon charged with possession of five rounds of .38 caliber ammunition. Before the Court is Defendant's motion to dismiss the case due to a violation of the Speedy Trial Act, which mandates that a defendant who has pled not guilty must be tried within 70 days after the filing of an indictment, or the date on which the defendant first appears before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of certain periods of time from the 70-day calculation, but even with these exclusions, Defendant argues that more than 70 days have elapsed since his first appearance. The Court agrees and will dismiss the case.

### I. SPEEDY TRIAL ACT

The Speedy Trial Act contains several exclusions from the 70-day calculation. One pertinent exclusion is for delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Another is for "any period of delay resulting from a continuance granted by any judge . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy

trial." *Id.* § 3161(h)(7)(A). And another exclusion is for delay "resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant." *Id.* § 3161(h)(1)(A). Finally, there is an exclusion for "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization[.]" *Id.* § 3161(h)(1)(F). The latter is subject to an exception: "any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]" *Id.*

## II. PROCEDURAL HISTORY

The Government indicted Defendant on January 20, 2020, and he first appeared before the magistrate judge on February 3, 2020. The Court held a detention hearing on February 5, 2020, at which it detained Defendant and held him on a writ.[1] It then scheduled his trial for April 14, 2020.

About a month later, on March 11, 2020, Defendant asked the Court for a continuance of "at least" 90 days to address "some ongoing medical concerns" that counsel believed might be "impeding [Defendant's] ability to make informed decisions[.]" (Def.'s Mot., ECF No. 15, PageID.24.) The Court granted that request on March 12, 2020, rescheduling trial for July 21, 2020.

The following month, on April 17, 2020, Defendant asked the Court to send him for a competency examination and then hold a competency hearing, in accordance with 18 U.S.C. § 4241(a). (*See* Def.'s Mot., ECF No. 19, PageID.33.) The Court granted that motion on April 23, 2020, committing Defendant to the custody of the Attorney General "for placement in a suitable facility for a reasonable period of time *not to exceed thirty (30) days*, to commence when

---

[1] The Government contends that it submitted an oral motion for detention at Defendant's first appearance, giving rise to a two-day exclusion from the Speedy Trial clock for pretrial motions. That contention is not supported by the record and, in any case, it does not make a difference to the outcome.

2

defendant arrives at the facility, unless otherwise extended by the Court upon showing of good cause[.]" (4/23/2020 Order, ECF No. 21, PageID.35-36 (emphasis added).) The Court added that it would order the United States Marshals Service to transport Defendant to a specific facility when the Attorney General advised the Court that it had designated a suitable one. The Court also indicated that it would schedule a competency hearing after receiving the psychiatric report.

On May 22, 2020, The Court ordered the United States Marshals Service to transport Defendant to the designated facility "with arrival no later than ten (10) days" from the date of the Court's order. (*See* ECF No. 22.) Defendant arrived at the Federal Detention Center in Miami (FDC-Miami) on June 17, 2020, for his examination. (*See* 7/2/2020 Letter from Warden, ECF No. 24.)

In July, the warden of FDC-Miami asked the Court to extend the examination period until September 22, 2020, due to restrictions and limitations required by the pandemic. (*Id.*) The Court granted that request. (ECF No. 25.) In August, the warden asked for an extension until October 26, 2020. (ECF No. 26.) The Court granted that request as well. (ECF No. 27.)

The forensic staff at FDC-Miami apparently completed their examination on October 21, 2020. (*See* Psychological Evaluation, ECF No. 30.) But for some reason, the Court did not receive a copy of their report until December 7, 2020.[2] And according to the Government, no one in Miami told their counterparts in Michigan that Defendant's examination had completed. Email correspondence indicates that psychologists at FDC-Miami twice informed prison officials and marshals in Miami that Defendant's study had completed and that he "should be returned to [his] district[]," but apparently no one acted on those notices. (*See* Emails, ECF Nos. 44-1, 44-2.)

---

[2] The Clerk's office received it on December 4, 2020.

3

The same day that the Court received the evaluation report, court staff asked the marshals in Michigan when Defendant would be transported back to the district for a competency hearing. The marshal's office responded that it was not aware that Defendant's examination had completed, but it initiated the transportation process that same day, December 7, 2020. (*See* Email, ECF No. 44-3.)

On January 29, 2021, the parties stipulated that Defendant was competent, and the Court granted this stipulation on February 5, 2021. A week later, the Court scheduled the trial for March 30, 2021. Defendant filed his motion to dismiss on February 13, 2021.

The Government contends that Defendant "was scheduled to begin transportation from FDC Miami to the Western District of Michigan" on February 1, 2021, but as of February 17 he had not been transported back to the district. (Gov't's Response to Mot. to Dismiss 5, ECF No. 44.) He apparently did not receive a "precautionary COVID-19 test" until February 2, and there were further delays after he was airlifted from Miami to Oklahoma City en route to the Western District. (*Id.*)

Consequently, on February 17, 2021, the Government asked the Court for an order requiring Defendant to be transported back to the Western District of Michigan. The Court granted that request two days later, giving the marshals ten days to transport Defendant back to the district. (ECF No. 40.) That same day, February 19, 2021, Defendant asked for a continuance of "at least" 60 days because counsel could not locate Defendant to discuss the disposition of his case or the possibility of a plea in light of the competency findings. (*See* Def.'s Mot. for Continuance, ECF No. 41, PageID.93-94.) Also, counsel would not have sufficient time to broach the possibility of a plea with the Government before trial. The Court granted this motion and rescheduled trial for June 1, 2021.

4

### III. ANALYSIS

The parties do not dispute that 34 calculable days elapsed between Defendant's detention hearing on February 5, 2020, and his motion for a continuance on March 11, 2020. Defendant's motion excluded time until the Court resolved it on March 12. *See* 18 U.S.C. § 3161(h)(1)(D). And the Court's order granting the continuance on that date excluded at least 90 days, until July 21, 2020. *See id.* § 3161(h)(7)(A).

Where the parties disagree is over the effect of delays in Defendant's transportation to and from FDC-Miami. Defendant argues that there were two such delays: one occurring in transportation to FDC-Miami in May and June, 2020, and the other occurring after his competency examination completed on October 21, 2020.

As indicated above, 18 U.S.C. § 3161(h)(1) lists excludable delays resulting from "other proceedings concerning the defendant," including pretrial motions, § 3161(h)(1)(D), examinations to determine a defendant's mental competency, § 3161(h)(1)(A), and transportation to and from another district, § 3161(h)(1)(F). However, § 3161(h)(1)(F) states that, for transportation delays,

> any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]

18 U.S.C. § 3161(h)(1)(F).

Although the exclusion for competency proceedings in § 3161(h)(1)(A) does not mention any exceptions, the Court of Appeals for the Sixth Circuit has interpreted § 3161(h)(1)(F) as a "specific exception" to the general rule about competency proceedings. *United States v. Tinklenberg*, 579 F.3d 589, 596 (6th Cir. 2009), *aff'd on other grounds*, 563 U.S. 647 (2011). In other words, "all delays caused by proceedings to determine a defendant's competency are excluded, except for the time during which the defendant is supposed to be in transit, which is presumptively unreasonable if longer than ten days." *Id.* The same logic should apply to the extent

5

the Government contends that Defendant's competency proceedings are excluded under § 3161(h)(1)(D) because those proceedings were the subject of a pretrial motion. In other words, the exception for transportation delays in § 3161(h)(1)(F) is a specific exception for competency proceedings, regardless of whether those proceedings were triggered by a motion.

Relying on that exception, Defendant argues that the delays in his transportation to and from FDC-Miami far exceeded ten days in each direction and, thus, the periods of time beyond ten days for each trip are not excludable. The Court will examine each trip in turn.

### A. Transportation to FDC-Miami

The Court first discussed transportation in its April 23, 2020, Order of Commitment for Competency Evaluation (ECF No. 21). There, the Court indicated that it would issue a separate order directing the United States Marshals Service to transport Defendant after the Attorney General advised the Court of a suitable facility for examination. (*Id.*, PageID.21.) The Court issued that transportation order on May 22, 2020, but Defendant did not arrive at the facility until June 17, 2020.

Defendant argues that the Court should not exclude the time between these two dates that exceeds ten days. As discussed above, however, Defendant had previously requested a continuance for at least 90 days, and the Court postponed the trial until July 21, 2020 to accommodate that request. Thus, any delays from transportation before July 21, 2020, are excludable by virtue of the continuance.

Defendant contends that § 3161(h)(1)(F) should also operate as an exception to the rule regarding continuances in § 3161(h)(7)(A), but he cites no authority in support of that argument and there are several reasons why the argument is not persuasive. First, the structure of the Speedy Trial Act indicates that the exception for transportation delays in subsection (h)(1)(F) is unrelated to the exclusion for continuances in subsection (h)(7)(A). They appear in entirely different

6

subsections.  A transportation delay is one of several types of delays resulting from the "other proceedings" listed in subsection (h)(1).  A continuance is not one of those "other proceedings."

Second, the concern in *Tinklenberg* is not present here.  There, the Sixth Circuit held that the rule regarding unreasonable transportation delays in subsection (h)(1)(F) operates as an exception to the rule regarding competency proceedings in subsection (h)(1)(A) because any other interpretation would create an "internal conflict" in the Act that would render subsection (h)(1)(F) "'mere surplusage.'"  *Tinklenberg*, 579 F.3d at 596 (quoting *United States v. Noone*, 913 F.2d 20, 25 n.5 (9th Cir. 1990)).  Subsection (h)(1)(F) expressly refers to delays in transporting a defendant "to and from places of examination," but if the entire competency proceeding is always excludable under subsection (h)(1)(A), then there would be no need for the reference to places of examination.  No such conflict exists between the exclusion for continuances and the exclusion for transportation delays.

Defendant is correct that the Court did not grant a continuance for the specific purpose of excusing transportation delays.  Instead, the Court relied on Defendant's representations that a continuance of 90 days or more was necessary to give counsel time to make decisions about Defendant's ability to make informed decision about the case.  Defendant's subsequent request for a competency examination suggests that his counsel needed less time than expected to decide how to address Defendant's abilities, but the exclusion nevertheless applied for the entire period given by the continuance.

To hold otherwise would "lay a trap" for courts attempting to accommodate pretrial requests for a continuance.  *See Bloate v. United States*, 559 U.S. 196, 213-14 (2010) (discussing "traps" for trial judges in the context of the Speedy Trial Act).  A defendant could argue long after the fact that a continuance was unnecessarily long, outlived its purpose, and therefore part of it

7

was countable against the Act's 70-day limit. Or, as in this case, a defendant could argue that a shorter and more "specific" exclusion applied rather than the one apparent to the Court at the time. (*See* Def.'s Reply Br. 3, ECF No. 45.) That interpretive approach to the Speedy Trial Act is disfavored by the Supreme Court. *See Bloate*, 559 U.S. at 213-14.

In short, the Court is not persuaded that any period of delay in Defendant's transportation *to* FCI-Miami counts toward the 70-day limit.

### B. Transportation from FCI-Miami to the Western District

Defendant also argues that unreasonable delays in his return trip from FCI-Miami to the Western District count toward the 70-day limit. After the Court granted two extensions for additional time to complete the examination of Defendant, the forensic examiner completed her report on October 21, 2020, five days before the Court's deadline. Nothing further happened in the case until January 29, 2021, when the parties stipulated to Defendant's competency. That stipulation arguably counts as a pretrial motion under § 3161(h)(1)(D).

18 U.S.C. § 3161(h)(1)(F) states that "time consumed in excess of ten days from the date an order of removal or an *order directing such transportation*" is a presumptively unreasonable delay in transportation. *Id.* (emphasis added). This provision indicates that the presumptively unreasonable period of time is counted from the date of an order. The parties note that this Court ordered Defendant's transportation to MCI-Miami but did not issue a separate order requiring his transportation back to the district. However, that requirement was implied by the Court's order of commitment, which committed Defendant to the custody of the Attorney General "for placement in a suitable facility for a reasonable period of time not to exceed thirty (30) days." (ECF No. 21, PageID.35.) What was the purpose of such a time limit, or of the warden's requests to extend it, if the Government could simply hold Defendant at that facility indefinitely without further direction? What further order was necessary to trigger the Government's obligation to transfer

8

him back to the district for further proceedings?  The answer is that no additional order was necessary because the Government had no authority to keep Defendant at that facility for longer than the time allowed by the Court.  Accordingly, if the Court counts the days between October 26, 2020, when the Government should have initiated Defendant's transfer back to this district, and January 29, 2021, there are more than a total of 70 countable days (even after subtracting ten presumptively reasonable days for transportation).

Alternatively, a few courts have relied on internal agency orders by a warden or other appropriate official to trigger the ten-day transportation period when there is no court order directing such transportation.  *See, e.g.*, *United States v. Garrett*, 45 F.3d 1135, 1139 (7th Cir. 1995)  ("We hold that where, as here, no order directing the transportation of a defendant exists, the date upon which the defendant was authorized for transportation by the appropriate prison official controls the application of [§ 3161(h)(1)(F)].").  After all, the statute refers to an "order directing transportation"; it does not expressly require a court order.

The Government is correct that Defendant cannot point to the date that a prison official expressly authorized his transfer back to the district.  However, the Government acknowledges that the United States Marshals Service requested Defendant's return on December 7, 2020.  (Gov't's Response 11.)  That request was the equivalent of an order by an appropriate official.  As discussed above, the prison warden at FCI-Miami did have authority to continue Defendant's custody past October 26, 2020, so no order from the warden was necessary to begin Defendant's return trip.  Moreover, the marshal's request triggered the start of Defendant's return transportation in the same way that an express order from this Court would have done.  That is, the Court would have instructed the United States Marshals Service to transport Defendant back to the district, and the Marshal would have acted on that request.  Thus, December 7, 2020, is another date from

9

which to calculate Defendant's return trip under § 3161(h)(1)(F). Even accounting for ten days of presumptively reasonable travel time after that date, more than 40 days elapsed before the parties filed their stipulation as to competency on January 29, 2021. And even then, Defendant still was not present in the district. Assuming the speedy-trial clock stopped when the parties filed their stipulation, it began running again on February 5, 2021, when the Court granted it. The speedy-trial clock ran for another week until Defendant filed his motion to dismiss the case on February 13, 2021.

The Government makes no attempt to rebut the presumption of unreasonableness as to the delay in transportation occurring between December 7, 2020, and January 29, 2021. It simply states that Defendant was "scheduled" to begin transportation from FDC-Miami on February 1, 2021. (Gov't's Response 5.) Thus, it has not shown that the delay is excludable.

The Government argues that the Court should not count any delay resulting from transportation because Defendant's transportation did not actually result in any delay. Defendant stipulated to his competency before he was back in the district; thus, the Government argues that his transportation had no impact on the disposition of his competency proceedings. This argument is not persuasive. First, as a legal matter, the Supreme Court has indicated that the Court should not calculate the time periods listed in § 3161(h)(1) based on "whether the period described would or did actually cause a postponement of the trial in the particular case." *Tinklenberg*, 563 U.S. at 655. Instead, these periods apply "automatically." *Id.* The same logic should apply to transportations delays in § 3161(h)(1)(F) and its exception. Otherwise, the Court would face the "administrative difficulties" discussed in *Tinklenberg*; the Court would have to determine, case-by-case, which pretrial proceedings were or were not responsible for a delay in trial. *See id.* at 657-58. Congress did not intend such a result. *See id.*

Second, as a factual matter, it is not true that the transportation delays had no impact. The Court intended to schedule a competency hearing expeditiously but was waiting to do so until Defendant returned to the district. If Defendant had returned in December, the Court would have promptly scheduled a hearing and the Court might have resolved the competency issue sooner than the parties' stipulation.

Also, the transportation delays had an impact on the ability of Defendant's attorney to confer with Defendant. The Court was prepared to hold a trial in March, but it granted another continuance on February 19, 2021, due to complications arising from Defendant's continued absence from the district. Thus, the Court is not persuaded that it can overlook the transportation delays in this case.

In summary, after adding the undisputed 34 days to either (a) the more than 40 days of unreasonable transportation delay after December 7, 2020, or (b) the more than 80 days of unreasonable transportation delay after October 26, 2020, more than a total of 70 countable days have elapsed under the Speedy Trial Act, resulting in a violation of the Act.

**C. Dismissal**

The remedy for a violation of the Speedy Trial Act is dismissal of the case. *See* 18 U.S.C. § 3162(a)(1). When determining whether dismissal should be with or without prejudice, the Court considers the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

**1. Seriousness of the offense**

Although all felonies are serious, the offense charged in this particular case (possession of several rounds of ammunition by a felon) is not particularly serious compared to others. The seriousness of the offense in this case ostensibly favors dismissal with prejudice.

### 2. Facts and circumstances leading to dismissal

The record in this case does not suggest prosecutorial misconduct or an attempt to take advantage of delay by either side. A major source of the delay countable under the Speedy Trial Act appears to be negligence or lack of attention to the status of Defendant's competency examination, particularly by officials in Florida. The Court accepts the prosecutors' representation that they did not learn that the competency evaluation had completed until December 2020, long after the fact. Nevertheless, the Court's orders made clear that the examination was to be complete by October 26, 2020. It would not have taken much effort by the prosecutors to check the status of the examination after that date and then attempt to initiate Defendant's transfer to this district for further proceedings. They were certainly better positioned to do these things than defense counsel.

The next major source of countable delay is the lengthy period of time required to actually transport Defendant back to this district. The unusual circumstances surrounding the pandemic may have contributed to some of this delay, but the Government never attempted to offer much of an explanation. Absent prosecutorial misconduct, however, both of these factors weigh in favor of dismissal without prejudice.

### 3. Impact of reprosecution on the administration of justice

The last factor is the impact of reprosecution on the administration of justice. "'The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *United Statse v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004) (quoting *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000)).

Here, the Court acknowledges some prejudice to Defendant due to the inordinate delays in his case. Defendant points out that he has been in federal custody during the time that he has been awaiting trial. On the other hand, detention before trial is not unusual and does not necessarily mean that dismissal with prejudice is appropriate. Defendant does not contend that the delay has impacted his ability to defend the case, should it lead to reprosecution. Defendant also claims, without supporting evidence, that this custody has prevented him from resolving pending state matters against him. Considering all the facts and circumstances, the Court finds that dismissal without prejudice is appropriate.

Accordingly, the Court will grant Defendant's motion to dismiss and dismiss the case without prejudice. An order and judgment will enter in accordance with this Opinion.

Dated:   May 3, 2021                                  /s/ Hala Y. Jarbou
                                                               HALA Y. JARBOU
                                                               UNITED STATES DISTRICT JUDGE